

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 5, 1948

Hon. Wm. N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-600

Re: The legality of paying an
amount in excess of that bid
and contracted for the repair
of road machinery where it is
alleged the actual work cost
more than the contract price.

Dear Sir:

Reference is made to your recent request which is, in part, as follows:

"On September 25, 1947, we received a request for an opinion from the Bexar County Auditor in the following language:

"'On July 25, 1947, the Bexar County Commissioners' Court passed an order to advertise for bids for repair on a motor grader for Precinct No. 1, as per specifications on file in the County Engineer's Office.

"'On August 18, 1947, bids were opened in the Commissioners Court and the bid submitted by Wm. K. Holt Machinery Company in the sum of $600.00 was accepted by the Court.

"'Upon completion of repairs, the Wm. K. Holt Machinery Company rendered a bill for $1,000.23. From previous legal advice, I know of no way to approve a bill for payment wherein it is in excess of the amount bid and the amount awarded by the Court. Therefore, I ask you to give me an opinion as to payment of any amount in excess of bid award and contract, which was for $600.00 . . . . .'"

You then ask the following questions:

"1. Does this contract fall within the provisions of Article 1659, V.R.C.S., or any other article, which requires competitive bidding?

"2.    If it does not, does this particular contract fall within the provisions of Article III, Section 53, of the State Constitution or not?

"3.    If it does come under this constitutional provision, does the clause included therein, (as part of the specifications upon which bids were received and made a part of the contract) that 'payment will be based on the actual work done and on the parts actually furnished', authorize the Commissioners Court to pay for this work on that basis rather than on the basis of the flat sum bid?"

You also enclosed copies of the contract, together with the proposal and the specifications under which the Commissioners' Court of Bexar County submitted to competitive bids, for the repair of a Caterpillar Motor Grader. The bid of Wm. K. Holt Machinery Company was accepted.

In the face of the contract it is stated that it is in accordance with the specifications and the proposal which were annexed thereto and made a part thereof. The proposal provides that the repairing of the Motor Grader will be made for the lump sum of $600.00.

The specifications provide, in part, as follows:

"The work shall consist of furnishing and installing necessary parts and labor in the repairing of a Caterpillar Model 12 Motor Grader . . . in accordance with the following specifications.

"The lump sum price bid for 'Repairs of Motor Grader' shall be full compensation for furnishing all materials, parts, tools, labor, equipment and incidentals necessary to complete the work as herein specified."

This instrument concludes with the following language:

"PAYMENT:  Payment will be based on the actual work done, and on the parts actually furnished."

The typewritten portion of the "Proposal Sheet" reads:

> "Repairing Caterpillar Model 12 Motor Grader
> for 600.00 Dollars and _____ Cents.
> Lump Sum                                   $600.00"

In the case of Patten v. Concho County, 196 S.W. (2d) 833, it was held that the purchase of machinery by a county was not required to be made by competitive bids under Articles 1659 or 2368a, V.C.S. However, Article 2368a, supra, was amended by the 50th Legislature and now reads, in part, as follows:

> "Sec. 2. No county acting through its
> Commissioners Court and no city in this State
> shall hereafter make any contract calling for
> or requiring the expenditure or payment of Two
> Thousand Dollars ($2,000) or more out of any
> fund or funds of any county or subdivision of any
> county creating or imposing an obligation or
> liability of any nature or character upon such
> county or any subdivision of such county, or
> upon such city, without first submitting such
> proposed contract to competitive bids . . ."

It is apparent that the above Article now requires that all contracts made by a county must be under competitive bids if such contracts amount of $2,000 or more. Since the expenditure to be made by your county does not amount to $2,000 and in view of the foregoing, it is our opinion that such a contract does not fall within the provisions of Article 1659 or any other article which require competitive bidding.

10 Tex. Jur. pages 288, 289, provides, in part, that:

> "Another contract or instrument may be
> made a part of a written contract by express
> reference, in which case the principal writing
> and that referred to are to be read and con-
> strued together. . . ."

In 17 C.J.S. 731, para. 313, it is stated that:

> "Unless a contrary intention appears from
> the contract as a whole, the meaning of general
> words will be restricted by more specific terms
> for, or descriptions of, the subject matter to
> which they apply. Where, however, both general
> and special provisions may be given reasonable
> effect both are to be retained. See also Western
> Union vs. Echhardt (Comm. App.) 11 S.W. (2d) 777,
> syllabus 12, page 782."

The contract expressly states that the specifications and the proposal are made a part of the contract. In considering these three instruments together, we believe that the contract is definitely one where the repair was to be made for a lump sum of $600 and that the phrase "payment will be based on the actual work done and on the parts actually furnished" is overridden by the specific provision in the contract that the lump sum price bid - shall be full compensation for furnishing all materials, parts, tools, labor, equipment and incidentals necessary to complete the work as herein specified. This conclusion is supported by the fact that the proposal which was submitted by the company clearly provides that the repair of the machinery according to the specifications would be made for a lump sum of $600.

Section 53 of Article III of the State Constitution is as follows:

> "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

Even though the Commissioners' Court was not required to make such purchase under competitive bids, nevertheless since it elected to do so, the contract is binding on both parties. Inasmuch as the county is legally liable only to the extent of $600 under the provisions of the contract, it is our opinion that the county may not allow additional expenditures for such repairs, since it is prohibited from doing so under Section 53 of Article III, supra. See Shelby County v. Gibson, 44 S.W. 302.

In view of the foregoing construction of said contract, it is our opinion that the clause included in the specifications that "payment will be based on the actual work done and on the parts actually furnished" does not authorize the Commissioners' Court to pay for this work on that basis rather than on the basis of the flat sum bid.

## SUMMARY

A contract by a county for repair of road machinery is not within the provisions of Article 1659, V.C.S. Patten v. Concho County,

196 S.W. (2d) 833.  The county is not required
to submit same to competitive bids under Article
2368a, V.C.S., unless such repair amounts to
$2,000 or more.

The county is not required to receive com-
petitive bids for the repair of county road
machinery where said repair amounts to only
$600.  Nevertheless, when it elects to do so
and enters into a contract for a specified
amount, the county is bound by said contract
and may not allow any additional expenditures
for such repair.  Art. III, Section 53.  See
Shelby County v. Gibson, 44 S.W. 302.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Bruce Allen
   Bruce Allen
   Assistant

BA:mw:wc


APPROVED:
s/Price Daniel
ATTORNEY GENERAL